RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 4/5/11

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| BOBBY BROWN | DOCKET NO. 10-CV-1785; SEC. P |
| VERSUS | JUDGE DRELL |
| WARDEN, WINN CORRECTIONAL CENTER | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

Before the Court is the petition for writ of habeas corpus (28 U.S.C. §2254) of Bobby Brown, filed pro se and *in forma pauperis* on November 17, 2010. On February 14, 2010, Petitioner was ordered to amend his petition to provide additional and more specific information regarding his claim. [Doc. #4] Petitioner's response was due on or before March 16, 2011. To date, Petitioner has failed to comply with the Court's order.

Federal Rule of Civil Procedure Rule 41(b) permits dismissal of claims "for failure of the plaintiff to prosecute or to comply with ... any order of court...." The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. Link v. Wabash R.R.Co., 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." McCullough v. Lynaugh, 835

F.2d 1126, 1127 (5th Cir.1988). Petitioner has failed to respond to a court order to amend his complaint.

Therefore,

**IT IS RECOMMENDED** that Petitioner's petition for writ of habeas corpus be **DISMISSED WITHOUT PREJUDICE** in accordance with the provisions of FRCP Rule 41.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this ___ day of April, 2011.

JAMES D. KIRK
United States Magistrate Judge

2